IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN LEE RICHES,
    Plaintiff,

vs.                                                Case No. 3:09cv63/LAC/EMT

JENNIFER ANISTON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). On February 23, 2009, this court entered an order giving Plaintiff thirty (30) days in which to pay the filing fee or submit a properly completed motion to proceed in forma pauperis (Doc. 3). Plaintiff failed to respond to the order; therefore, on June 24, 2009, the court issued an order requiring Plaintiff to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 4). The order was returned marked, "Inmate no longer at this facility" (Doc. 5). The court directed the clerk to send the show cause order to Plaintiff at an alternate address provided by his custodian, the federal Bureau of Prisons, and provided Plaintiff an additional thirty (30) days to pay the filing fee or submit a properly completed motion to proceed in forma pauperis (Doc. 6). The time for compliance with the order has now elapsed, and Plaintiff has not responded.

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 21st day of August 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**